UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
THE PHOENIX INSURANCE COMPANY,

                              Docket No.:

                Plaintiff,

-against-

COLONY INSURANCE COMPANY,

                Defendant.
-------------------------------------------------------------------X

## COMPLAINT FOR DECLARATORY RELIEF

Plaintiff, THE PHOENIX INSURANCE COMPANY ("Travelers"), and for its Complaint for Declaratory Judgment against Defendant, COLONY INSURANCE COMPANY ("Colony"), alleges upon information and belief as follows:

### Nature of the Action

1. Travelers is providing a defense to the Nucor Construction Corporation ("Nucor"), the Sheltering Arms Children and Family Services, Inc. ("Sheltering") in an action titled *Lazo v. 25 Broadway Office Properties LLC, et al.,* in the Supreme Court of the State of New York, County of Bronx, Index No. 152341/2020 (the "Underlying Action").

2. In the instant action, Travelers seeks a declaration that Colony is obligated to defend and to indemnify Nucor and Nucor's additional insured Sheltering on a primary and non-contributory basis, in connection with the Underlying Action in which the underlying plaintiff, Christian Lazo (the "Claimant") asserts claims for injuries, and that, and that Travelers is entitled to judgment for all defense and indemnity costs incurred on behalf of Nucor and Sheltering in said action.

1

**Parties**

3. At all times relevant hereto, The Phoenix Insurance Company was and is a Connecticut corporation licensed and authorized to write insurance and conduct business in the State of New York with a principal place of business in Hartford, Connecticut.

4. Upon information and belief, at all times relevant hereto, Colony was and is a Virginia corporation with a principal place of business in Richmond, Virginia.

**Jurisdiction and Venue**

5. This Court has subject matter jurisdiction due to diversity of citizenship and amounts in controversy in excess of $75,000, exclusive of interests and costs, pursuant to 28 U.S.C. section 1332 and 28 U.S.C. Section 2201.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) in that a substantial part of the events giving rise to this claim occurred here.

7. An actual justiciable controversy exists between the parties as to the coverage afforded under the insurance policy issued by Defendant Colony.

8. Plaintiff Travelers has no other adequate remedy at law.

**Insurance Policies**

9. Colony issued a commercial general liability insurance policy bearing policy number 103 GL 0032396-00 to Arc ("Arc") with effective dates of November 22, 2019 to November 22, 2020 (the "Colony Policy").

10. The Colony Policy is subject to certain terms, conditions, and exclusions that generally provide coverage for bodily injury that takes place during the policy period and is caused by an accident.

11. The Colony Policy contains a blanket endorsement that provides "additional

insured" coverage to "all persons or organizations as required by written contract with the Named Insured" but only with respect to liability for bodily injury "caused, in whole or in part, by" the acts or omissions of Arc or those acting on Arc's behalf in the performance of Arc's ongoing work.

12. The Colony Policy contains a Primary and Non-Contributory – Other Insurance Condition endorsement which likely amends the Colony Policy to provide that such coverage is primary to and will not seek contribution from any other insurance available to an additional insured.

13. The Phoenix Insurance Company issued a commercial general liability insurance policy to Nucor bearing policy number DTIN-CO-2H169545-PHX-19 with effective dates of June 13, 2019 to June 13, 2020.

14. Subject to certain terms, conditions, and exclusions, the Travelers Policy generally provides coverage for bodily injury that takes place during the policy period and is caused by an accident.

15. The Travelers Policy contains excess "other insurance" provisions which provide that coverage under the Travelers Policy is excess over any other coverage available to Nucor where it has been added as an "additional insured."

## BACKGROUND FACTS

16. Prior to the alleged accident in the Underlying Action, Nucor and Arc entered into a written agreement, pursuant to which Arc agreed to perform carpentry and framing work in connection with the construction project at 25 Broadway, New York, New York.

17. The terms of the contract required Arc to maintain general liability insurance that named Nucor as an "additional insured." This insurance applies on a primary and non-contributory basis.

18. The terms of the contract further require Arc to defend, indemnify and hold Nucor harmless against all claims arising out of or resulting from the performance of Arc's work.

19. Claimant filed an amended complaint against Nucor and Sheltering in the Underlying Action alleging that, on or about February 24, 2020, he was injured in the course of his work for his employer Arc when he was caused to fall off of scaffolding at 25 Broadway, New York, New York (the "Premises"). A true copy of the Verified Amended Complaint in the Underlying Action is attached hereto as **Exhibit "A"**.

20. In his Bill of Particulars, the Claimant has attributed his accident to the defendants' purported negligence in allowing and permitting a dangerous and hazardous condition within the construction area, specifically supplying the scaffolding that the Claimant fell off of, to exist and remain within said Premises, which was part of the work performed or being performed by Arc. He alleges that, as a result of his accident, he sustained disc herniations, a disc bulge, tears of the left ankle and a sprained left foot. A true copy of the Verified Bill of Particulars in the Underlying Action is attached hereto as **Exhibit "B"**.

21. Travelers is defending Nucor and Sheltering connection with the Underlying Action.

22. In the Underlying Action, the Claimant seeks to impose liability on Nucor and Sheltering for alleged bodily injury with respect to operations performed by or on behalf of Arc.

## TENDERS TO COLONY

23. By correspondence dated April 6, 2020, Travelers tendered the defense and indemnity of Nucor and its additional insured to Arc.

24. By correspondence dated May 26, 2020, Colony sent Travelers a letter denying coverage based on its position that, at the time, there was no evidence the claim arose out of the

work of Arc.

25. By correspondence dated January 24, 2022, Colony sent a denial letter to Travelers.

26. On July 12, 2021, Travelers sent Colony a letter requesting it reconsider Travelers' request for the defense and indemnification of Nucor and Sheltering under the Colony Policy on a primary and non-contributory basis.

27. Travelers subsequently renewed its tender to Colony on countless occasions, but, to date, Colony still refuses to provide a defense and indemnity to Nucor and Sheltering under the Colony Policy.

28. Colony has refused to provide "additional insured" coverage to Nucor and Sheltering under the Colony Policy.

## CAUSE OF ACTION FOR DECLARATORY RELIEF

29. Travelers repeats, realleges, and incorporates each and every allegation contained in paragraphs "1" through "28" above as if fully set forth herein.

30. Nucor and Sheltering each qualify as an "additional insured" under the Colony Policy.

31. The coverages provided to Nucor and Sheltering under the Colony Policy are primary and non-contributory with any coverage provided by the Travelers Policy.

32. Accordingly, Travelers seeks a declaration that Colony has an obligation to defend and indemnify Nucor and Sheltering as "additional insureds" under the Colony Policy; that the coverages provided by the Colony Policy to Nucor and Sheltering are primary and non-contributory; and that the obligations of Travelers to Nucor and Sheltering in the Underlying Action are excess to proper exhaustion and full payment of the limits of the Colony Policy.

33. In addition, Travelers seeks an award at law and in equity against Colony for

recovery of all sums Travelers has paid in the defense of Nucor and Sheltering in the Underlying Action because the coverages provided by the Colony Policy are primary to any coverage provided by Travelers.

34. Further, Travelers seeks an award at law and in equity against Colony for recovery of all sums Travelers has paid and continues to pay in the defense of Nucor and Sheltering in the Underlying Action because the coverages provided by the Colony Policy are primary to any coverage provided by Travelers.

WHEREFORE, Plaintiff Travelers respectfully requests that this Court issue judgment as follows:

1. Declaring that Nucor and Sheltering are "additional insureds" under the Colony Policy to whom Colony owes coverage with respect to the Underlying Action;

2. Declaring that Colony has a duty to defend Nucor and Sheltering in the Underlying Action up to and including the respective policy limits of the Colony Policy;

3. Declaring that all coverage owed by Colony to Nucor and Sheltering with respect to the Underlying Action is primary to any coverage provided by Travelers to Nucor and Sheltering;

4. Declaring that the obligations of Colony to Nucor and Sheltering with respect to the Underlying Action are primary to any obligations of Travelers to Nucor and Sheltering;

5. Declaring that the obligations of Travelers to Nucor and Sheltering in the Underlying Action are excess to proper exhaustion and full payment of the respective limits of the Colony Policy by means of a verdict, judgment, or settlement;

6. Awarding judgment against Colony in an amount equal to the sums that Travelers incurred in defending the claims against Nucor and Sheltering in the Underlying Action;

7. Awarding judgment against Colony in an amount equal to the sums that Travelers incurred and continues to incur in defending the claims against Nucor and Sheltering in the Underlying Action;

8. Awarding judgment against Colony in an amount equal to any sums that Travelers may incur to resolve the claims and indemnify Nucor and Sheltering in the Underlying Action;

9. Granting an award in favor of Travelers for the costs of suit incurred herein; and

10. Granting such other and further relief as the Court may deem just and proper.

Dated: New York, New York
March 12, 2024

USERY & ASSOCIATES

By: */s/ Petra Starr*
Petra Starr, Esq.
*Attorneys for Plaintiff—*
*The Phoenix Insurance Company*
Direct: 312.458.6292
Fax: 844.571.3789
Email: Pstarr@travelers.com

Please address all correspondence sent by mail to:
P.O. Box 2996
Hartford, CT 06104-2996

Physical Address:
161 N. Clark Street, 10th Floor
Chicago, Illinois