Exhibit A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------X

CRISTIAN LAZO

                                  Plaintiff,

       -against-

25 BROADWAY OFFICE PROPERTIES LLC,
SHELTERING ARMS CHILDREN AND FAMILY
SERVICES, INC. and NUCOR CONSTRUCTION
CORP.

                                  Defendant.

-----------------------------------------------------------------X

**AMENDED VERIFIED COMPLAINT**

Index No.: 152341/20

25 BROADWAY OFFICE PROPERTIES LLC,

                                Third-Party Plaintiff,

       -against-

SHELTERING ARMS CHILDREN AND FAMILY
SERVICES, INC.

                                Third-Party Defendant.

-----------------------------------------------------------------X

Plaintiff, **CRISTIAN LAZO**, by his attorney, **GORAYEB & ASSOCIATES, P.C.**, complaining of the defendants, respectfully alleges, upon information and belief, as follows:

1. That at all times hereinafter mentioned and prior thereto and on, or prior to February 24, 2020, plaintiff was and still is a resident of the State of New York, County of Queens.

2. That this action falls within one or more of the exemptions set forth in CPLR §1602.

3. That at all times hereinafter mentioned, the defendant, **25 BROADWAY**

OFFICE PROPERTIES LLC (hereinafter "**BROADWAY**"), was and still is a domestic corporation organized and existing under and by virtue of the Laws of the State of New York.

4. That at all times hereinafter mentioned, **BROADWAY**, was and still is a partnership organized and existing under and by virtue of the Laws of the State of New York.

5. That at all times hereinafter mentioned, and upon information and belief, **BROADWAY**, was and still is a foreign corporation authorized to do business under and by virtue of the Laws of the State of New York.

6. That at all times hereinafter mentioned, and upon information and belief, **BROADWAY**, was and still is a domestic limited liability company authorized to do business under and by virtue of the Laws of the State of New York.

7. That at all times hereinafter mentioned, and upon information and belief, **BROADWAY**, was and still is a foreign limited liability company authorized to do business under and by virtue of the Laws of the State of New York.

8. That at all times hereinafter mentioned, and upon information and belief, **BROADWAY**, maintained a principal place of business in the County, City and State of New York with its principal place of business at 1 State Street Plaza, 29th Floor, New York, NY.

9. That at all times hereinafter mentioned, the defendant, **NUCOR CONSTRUCTION CORP.** (hereinafter "**NUCOR**"), was and still is a domestic corporation organized and existing under and by virtue of the Laws of the State of New York.

10. That at all times hereinafter mentioned, **NUCOR**, was and still is a partnership organized and existing under and by virtue of the Laws of the State of New York.

11. That at all times hereinafter mentioned, and upon information and belief,

**NUCOR**, was and still is a foreign corporation authorized to do business under and by virtue of the Laws of the State of New York.

12. That at all times hereinafter mentioned, and upon information and belief, **NUCOR**, maintained a principal place of business in the County, City and State of New York with its principal place of business at 117 W 28th Street, New York, New York 10001.

13. That at all times hereinafter mentioned, the defendant, **SHELTERING ARMS CHILDREN AND FAMILY SERVICES, INC.** (hereinafter "**SHELTERING**"), was and still is a domestic corporation organized and existing under and by virtue of the Laws of the State of New York.

14. That at all times hereinafter mentioned, **SHELTERING**, was and still is a partnership organized and existing under and by virtue of the Laws of the State of New York.

15. That at all times hereinafter mentioned, the defendant **SHELTERING** was and still is a domestic not-for-profit corporation organized and existing under and by virtue of the Laws of the State of New York.

16. That at all times hereinafter mentioned, and upon information and belief, **SHELTERING**, was and still is a foreign corporation authorized to do business under and by virtue of the Laws of the State of New York.

17. That at all times hereinafter mentioned, and upon information and belief, **SHELTERING**, maintained a principal place of business in the County, City and State of New York with its principal place of business at 25 Broadway, 18th Floor, New York, New York 10001.

Law Offices
GORAYEB & ASSOCIATES, P.C.
100 WILLIAM STREET
NEW YORK, NEW YORK 10038

### AS AND FOR A FIRST CAUSE OF ACTION
### ON BEHALF OF THE PLAINTIFF CRISTIAN LAZO

18. Plaintiff, **CRISTIAN LAZO**, repeats, reiterates and realleges each and every

allegation contained in paragraphs "1" through "17" together with the same force and effect as though same were more fully set forth at length herein.

19. That on February 24, 2020, **BROADWAY,** owned the property located 25 Broadway, New York, NY.

20. That on February 24, 2020, **BROADWAY,** owned a building or structure located at 25 Broadway, New York, NY.

21. That on February 24, 2020, **BROADWAY** operated a building or structure located at 25 Broadway, New York, NY.

22. That on February 24, 2020, **BROADWAY,** maintained a building or structure located at 25 Broadway, New York, NY.

23. That on February 24, 2020, **BROADWAY,** controlled and managed a building and structure located at 25 Broadway, New York, NY.

24. That on or prior to February 24, 2020, **BROADWAY,** was hired and/or retained to act as the general contractor and/or construction manager for the construction, renovation, demolition, repair and/or alteration of premises located at 25 Broadway, New York, NY.

25. That on or prior to February 24, 2020, **BROADWAY,** entered into an agreement and contract by which **BROADWAY** was to provide certain work, labor, services and material as the general contractor and or construction manager with respect to certain construction work, labor and services concerning the construction of the premises located at 25 Broadway, New York, NY.

26. That on or prior to February 24, 2020, **BROADWAY** entered into an agreement and contract by which **BROADWAY** was to provide certain work, labor, services and material with respect to certain construction work, labor and services concerning the construction of the premises located at 25 Broadway, New York, NY.

Law Offices
GORAYEB & ASSOCIATES, P.C.
100 WILLIAM STREET
NEW YORK, NEW YORK 10038

27. That on or prior to February 24, 2020, **BROADWAY** retained a contractor to perform construction, renovation, demolition, painting, repair and/or alteration of 25 Broadway, New York, NY.

28. That on or prior to February 24, 2020, **BROADWAY** retained **SHELTERING** to provide work, labor and/or services at the premises located at 25 Broadway, New York, NY.

29. That at all times hereinafter mentioned, and on, or prior to February 24, 2020, **SHELTERING** was hired and/or retained pursuant to a written contract and/or agreement.

30. That on or prior to February 24, 2020, **BROADWAY** retained **NUCOR** to provide work, labor and/or services at the premises located at 25 Broadway, New York, NY.

31. That at all times hereinafter mentioned, and on, or prior to February 24, 2020, **NUCOR** was hired and/or retained pursuant to a written contract and/or agreement.

32. That on or prior to February 24, 2020, **BROADWAY** retained **ARC INTERIOR CONSTRUCTION** to provide work, labor and/or services at the premises located at 25 Broadway, New York, NY.

33. That at all times hereinafter mentioned, and on, or prior to February 24, 2020, **ARC INTERIOR CONSTRUCTION** was hired and/or retained pursuant to a written contract and/or agreement.

34. That on or prior to February 24, 2020, the Defendant, its agents, servants and/or employees were engaged in performing construction work, labor and/or services upon the premises located at 25 Broadway, New York, NY.

35. That on February 24, 2020, construction, renovation, demolition, painting, repair and/or alterations were being performed at 25 Broadway, New York, NY.

36. That on February 24, 2020, plaintiff was engaged in the performance of

Law Offices
GORAYEB & ASSOCIATES, P.C.
100 WILLIAM STREET
NEW YORK, NEW YORK 10038

construction, renovation, demolition, painting, repair and/or alterations at said premises.

37. That the Defendant, its agents, servants and/or employees had the duty to provide the Plaintiff with a safe place to work.

38. That the Defendant, its agents, servants and/or employees had the non-delegable duty to see that the work site was kept reasonably safe and free of dangers and hazards to those workers lawfully thereat.

39. That on February 24, 2020, while plaintiff **CRISTIAN LAZO**, was lawfully and carefully working on a scaffold at said premises, he was caused to fall from said scaffold by reason of the negligence of the defendant, its agents, servants and/or employees in the ownership, operation, direction, supervision, possession, control, construction, repair, rehabilitation and/or alteration of the said premises sustaining the injuries hereinafter alleged.

40. That the defendant, its agents, servants and/or employees were negligent, reckless and careless in the ownership, operation, repair, control, possession, supervision, direction, construction, inspection, management, renovation, rehabilitation and/or alteration of the said premises in that they failed to provide the plaintiff with a safe place to work; failed to provide the plaintiff with a hazard-free work place; failed to provide the plaintiff with proper and safe elevated working surfaces, scaffolds and ladders, so fixed, secured and/or maintained and braced so as to prevent the plaintiff from falling from same; failed to provide the plaintiff with proper and approved safety devices so placed, fixed and/or secured so as to afford proper protection to the plaintiff working thereat; violated the applicable provisions of the Labor Law of the State of New York, the Industrial Code of the State of New York and the provisions of the Occupational Safety & Health Administration as they pertain to construction; failed to inspect the work areas on the date of the accident and prior thereto to see that the

elevated working surfaces, scaffolds and ladders were safe; and, failed to provide the plaintiff with any safety devices to prevent plaintiff from falling from said elevated working surfaces, scaffolds and ladders.

41. That the defendant, its agents, servants and/or employees had actual and/or constructive notice of the dangerous and defective conditions existing upon the work site.

42. That the accident and the injuries resulting therefrom were caused solely and wholly by reason of the negligence of the defendant, its agents, servants and/or employees without any fault, want of care or culpable conduct on the part of the plaintiff contributing thereto.

43. That by reason of the foregoing, the plaintiff has been rendered sick, sore, lame maimed and disabled and so remains. That he has been unable to attend to his usual vocation and activities and that he has been obliged to expend and will expend in the future, sums of money for medical aid and attention, all to his damage in an amount that exceeds the jurisdictional limits of all lower courts.

## AS AND FOR A SECOND CAUSE OF ACTION

### ON BEHALF OF THE PLAINTIFF CRISTIAN LAZO

44. Plaintiff, **CRISTIAN LAZO**, repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "43" together with the same force and effect as though same were more fully set forth at length herein.

45. That on February 24, 2020, **SHELTERING,** owned the property located 25 Broadway, New York, NY.

46. That on February 24, 2020, **SHELTERING,** owned a building or structure located at 25 Broadway, New York, NY.

47. That on February 24, 2020, **SHELTERING** operated a building or structure located at 25 Broadway, New York, NY.

48. That on February 24, 2020, **SHELTERING,** maintained a building or structure located at 25 Broadway, New York, NY.

49. That on February 24, 2020, **SHELTERING,** controlled and managed a building and structure located at 25 Broadway, New York, NY.

50. That on or prior to February 24, 2020, **SHELTERING,** was hired and/or retained to act as the general contractor and/or construction manager for the construction, renovation, demolition, repair and/or alteration of premises located at 25 Broadway, New York, NY.

51. That on or prior to February 24, 2020, **SHELTERING,** entered into an agreement and contract by which **SHELTERING** was to provide certain work, labor, services and material as the general contractor and or construction manager with respect to certain construction work, labor and services concerning the construction of the premises located at 25 Broadway, New York, NY.

52. That on or prior to February 24, 2020, **SHELTERING** entered into an agreement and contract by which **SHELTERING** was to provide certain work, labor, services and material with respect to certain construction work, labor and services concerning the construction of the premises located at 25 Broadway, New York, NY.

53. That on or prior to February 24, 2020, **SHELTERING** retained a contractor to perform construction, renovation, demolition, painting, repair and/or alteration of 25 Broadway, New York, NY.

54. That on or prior to February 24, 2020, **SHELTERING** retained **BROADWAY** to provide work, labor and/or services at the premises located at 25 Broadway, New York, NY.

55. That at all times hereinafter mentioned, and on, or prior to February 24, 2020, **BROADWAY** was hired and/or retained pursuant to a written contract and/or

agreement.

56. That on or prior to February 24, 2020, **SHELTERING** retained **NUCOR** to provide work, labor and/or services at the premises located at 25 Broadway, New York, NY.

57. That at all times hereinafter mentioned, and on, or prior to February 24, 2020, **NUCOR** was hired and/or retained pursuant to a written contract and/or agreement.

58. That on or prior to February 24, 2020, **SHELTERING** retained **ARC INTERIOR CONSTRUCTION** to provide work, labor and/or services at the premises located at 25 Broadway, New York, NY.

59. That at all times hereinafter mentioned, and on, or prior to February 24, 2020, **ARC INTERIOR CONSTRUCTION** was hired and/or retained pursuant to a written contract and/or agreement.

60. That on or prior to February 24, 2020, the Defendant, its agents, servants and/or employees were engaged in performing construction work, labor and/or services upon the premises located at 25 Broadway, New York, NY.

61. That on February 24, 2020, construction, renovation, demolition, painting, repair and/or alterations were being performed at 25 Broadway, New York, NY.

62. That on February 24, 2020, plaintiff was engaged in the performance of construction, renovation, demolition, painting, repair and/or alterations at said premises.

63. That the Defendant, its agents, servants and/or employees had the duty to provide the Plaintiff with a safe place to work.

64. That the Defendant, its agents, servants and/or employees had the non-delegable duty to see that the work site was kept reasonably safe and free of dangers and hazards to those workers lawfully thereat.

65. That on February 24, 2020, while plaintiff **CRISTIAN LAZO**, was lawfully and

Law Offices
GORAYEB & ASSOCIATES, P.C.
100 WILLIAM STREET
NEW YORK, NEW YORK 10038

carefully working on a scaffold at said premises, he was caused to fall from said scaffold by reason of the negligence of the defendant, its agents, servants and/or employees in the ownership, operation, direction, supervision, possession, control, construction, repair, rehabilitation and/or alteration of the said premises sustaining the injuries hereinafter alleged.

66. That the defendant, its agents, servants and/or employees were negligent, reckless and careless in the ownership, operation, repair, control, possession, supervision, direction, construction, inspection, management, renovation, rehabilitation and/or alteration of the said premises in that they failed to provide the plaintiff with a safe place to work; failed to provide the plaintiff with a hazard-free work place; failed to provide the plaintiff with proper and safe elevated working surfaces, scaffolds and ladders, so fixed, secured and/or maintained and braced so as to prevent the plaintiff from falling from same; failed to provide the plaintiff with proper and approved safety devices so placed, fixed and/or secured so as to afford proper protection to the plaintiff working thereat; violated the applicable provisions of the Labor Law of the State of New York, the Industrial Code of the State of New York and the provisions of the Occupational Safety & Health Administration as they pertain to construction; failed to inspect the work areas on the date of the accident and prior thereto to see that the elevated working surfaces, scaffolds and ladders were safe; and, failed to provide the plaintiff with any safety devices to prevent plaintiff from falling from said elevated working surfaces, scaffolds and ladders.

67. That the defendant, its agents, servants and/or employees had actual and/or constructive notice of the dangerous and defective conditions existing upon the work site.

68. That the accident and the injuries resulting therefrom were caused solely and wholly by reason of the negligence of the defendant, its agents, servants and/or

Law Offices
GORAYEB & ASSOCIATES, P.C.
100 WILLIAM STREET
NEW YORK, NEW YORK 10038

employees without any fault, want of care or culpable conduct on the part of the plaintiff contributing thereto.

69. That by reason of the foregoing, the plaintiff has been rendered sick, sore, lame maimed and disabled and so remains. That he has been unable to attend to his usual vocation and activities and that he has been obliged to expend and will expend in the future, sums of money for medical aid and attention, all to his damage in an amount that exceeds the jurisdictional limits of all lower courts.

## AS AND FOR A THIRD CAUSE OF ACTION
## ON BEHALF OF THE PLAINTIFF CRISTIAN LAZO

70. Plaintiff, **CRISTIAN LAZO**, repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "69" together with the same force and effect as though same were more fully set forth at length herein.

71. That on February 24, 2020, **NUCOR,** owned the property located 25 Broadway, New York, NY.

72. That on February 24, 2020, **NUCOR,** owned a building or structure located at 25 Broadway, New York, NY.

73. That on February 24, 2020, **NUCOR,** operated a building or structure located at 25 Broadway, New York, NY.

74. That on February 24, 2020, **NUCOR,** maintained a building or structure located at 25 Broadway, New York, NY.

75. That on February 24, 2020, **NUCOR,** controlled and managed a building and structure located at 25 Broadway, New York, NY.

76. That on or prior to February 24, 2020, **NUCOR,** was hired and/or retained to act as the general contractor and/or construction manager for the construction, renovation, demolition, repair and/or alteration of premises located at 25 Broadway, New York, NY.

77. That on or prior to February 24, 2020, **NUCOR,** entered into an agreement and contract by which **NUCOR** was to provide certain work, labor, services and material as the general contractor and or construction manager with respect to certain construction work, labor and services concerning the construction of the premises located at 25 Broadway, New York, NY.

78. That on or prior to February 24, 2020, **NUCOR** entered into an agreement and contract by which **NUCOR** was to provide certain work, labor, services and material with respect to certain construction work, labor and services concerning the construction of the premises located at 25 Broadway, New York, NY.

79. That on or prior to February 24, 2020, **NUCOR** retained a contractor to perform construction, renovation, demolition, painting, repair and/or alteration of 25 Broadway, New York, NY.

80. That on or prior to February 24, 2020, **NUCOR** retained **ARC INTERIOR CONSTRUCTION** to provide work, labor and/or services at the premises located at 25 Broadway, New York, NY.

81. That at all times hereinafter mentioned, and on, or prior to February 24, 2020, **ARC INTERIOR CONSTRUCTION** was hired and/or retained pursuant to a written contract and/or agreement.

82. That on or prior to February 24, 2020, the Defendant, its agents, servants and/or employees were engaged in performing construction work, labor and/or services upon the premises located at 25 Broadway, New York, NY.

83. That on February 24, 2020, construction, renovation, demolition, painting, repair and/or alterations were being performed at 25 Broadway, New York, NY.

84. That on February 24, 2020, plaintiff was engaged in the performance of construction, renovation, demolition, painting, repair and/or alterations at said premises.

Law Offices
GORAYEB & ASSOCIATES, P.C.
100 WILLIAM STREET
NEW YORK, NEW YORK 10038

85. That the Defendant, its agents, servants and/or employees had the duty to provide the Plaintiff with a safe place to work.

86. That the Defendant, its agents, servants and/or employees had the non-delegable duty to see that the work site was kept reasonably safe and free of dangers and hazards to those workers lawfully thereat.

87. That on February 24, 2020, while plaintiff **CRISTIAN LAZO**, was lawfully and carefully working on a scaffold at said premises, he was caused to fall from said scaffold by reason of the negligence of the defendant, its agents, servants and/or employees in the ownership, operation, direction, supervision, possession, control, construction, repair, rehabilitation and/or alteration of the said premises sustaining the injuries hereinafter alleged.

88. That the defendant, its agents, servants and/or employees were negligent, reckless and careless in the ownership, operation, repair, control, possession, supervision, direction, construction, inspection, management, renovation, rehabilitation and/or alteration of the said premises in that they failed to provide the plaintiff with a safe place to work; failed to provide the plaintiff with a hazard-free work place; failed to provide the plaintiff with proper and safe elevated working surfaces, scaffolds and ladders, so fixed, secured and/or maintained and braced so as to prevent the plaintiff from falling from same; failed to provide the plaintiff with proper and approved safety devices so placed, fixed and/or secured so as to afford proper protection to the plaintiff working thereat; violated the applicable provisions of the Labor Law of the State of New York, the Industrial Code of the State of New York and the provisions of the Occupational Safety & Health Administration as they pertain to construction; failed to inspect the work areas on the date of the accident and prior thereto to see that the elevated working surfaces, scaffolds and ladders were safe; and, failed to provide the plaintiff with any safety devices to prevent plaintiff from falling from

Law Offices
GORAYEB & ASSOCIATES, P.C.
100 WILLIAM STREET
NEW YORK, NEW YORK 10038

said elevated working surfaces, scaffolds and ladders.

89. That the defendant, its agents, servants and/or employees had actual and/or constructive notice of the dangerous and defective conditions existing upon the work site.

90. That the accident and the injuries resulting therefrom were caused solely and wholly by reason of the negligence of the defendant, its agents, servants and/or employees without any fault, want of care or culpable conduct on the part of the plaintiff contributing thereto.

91. That by reason of the foregoing, the plaintiff has been rendered sick, sore, lame maimed and disabled and so remains. That he has been unable to attend to his usual vocation and activities and that he has been obliged to expend and will expend in the future, sums of money for medical aid and attention, all to his damage in an amount that exceeds the jurisdictional limits of all lower courts.

### AS AND FOR A FOURTH CAUSE OF ACTION
### ON BEHALF OF THE PLAINTIFF CRISTIAN LAZO

92. Plaintiff, **CRISTIAN LAZO**, repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "30" together with the same force and effect as though same were more fully set forth at length herein.

93. That on February 24, 2020, there existed in full force and effect within the State of New York, Sections 200, 240(1), 240(2), 240(3) and 241(6) of the Labor Law of the State of New York.

94. That defendants had the duty to comply with the provisions of sections 200, 240(1), 240(2), 240(3) and 241(6) of the Labor Law of the State of New York.

95. That said defendants violated Sections 200, 240(1), 240(2), 240(3) and 241(6) of the Labor Law of the State of New York.

96. That on February 24, 2020, there existed Rule 23 of the Industrial Code of the State of New York.

Law Offices
GORAYEB & ASSOCIATES, P.C.
100 WILLIAM STREET
NEW YORK, NEW YORK 10038

97. That the defendants had the duty to comply with the provisions of Rule 23 of the Industrial Code of the State of New York.

98. That by reason of the negligence of the defendants aforesaid, the defendants violated Rule 23 of the Industrial Code of the State of New York.

99. That by reason of the foregoing, the plaintiff has been rendered sick, sore, lame maimed and disabled and so remains. That he has been unable to attend to his usual vocation and activities and that he has been obliged to expend and will expend in the future, sums of money for medical aid and attention, all to his damage in an amount that exceeds the jurisdictional limits of all lower courts.

**WHEREFORE**, the plaintiff **CRISTIAN LAZO** demands judgment against the defendants in an amount that exceeds the jurisdictional limits of all lower courts on each cause of action, with costs, interest and disbursements.

Dated: New York, New York
February 12, 2021

Yours, etc.

CHRISTOPHER J. GORAYEB
GORAYEB & ASSOCIATES, P.C.
Attorney for Plaintiff
CRISTIAN LAZO
100 William Street, Suite 1900
New York, New York 10038
(212) 267-9222/File#/A10866 - LLNB

## ATTORNEY'S VERIFICATION

CHRISTOPHER J. GORAYEB, an attorney duly admitted to practice before the Courts of the State of New York, affirms the following to be true under the penalties of perjury:

I am a member of the law firm of GORAYEB & ASSOCIATES, P.C., attorney of record for plaintiff, I have read the annexed **AMENDED VERIFIED COMPLAINT** and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my files. The reason this verification is made by me and not Plaintiff is that Plaintiff does not reside in the county wherein the attorney for the plaintiff maintains its offices.

DATED:     New York, New York
                February 12, 2021

_____
CHRISTOPHER J. GORAYEB

Law Offices
GORAYEB & ASSOCIATES, P.C.
100 WILLIAM STREET
NEW YORK, NEW YORK 10038

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

CRISTIAN LAZO,

Index No. 152341/20

        Plaintiff,

-against-

25 BROADWAY OFFICE PROPERTIES LLC,
SHELTERING ARMS CHILDREN AND FAMILY
SERVICES, INC. and NUCOR CONSTRUCTION
CORP.

        Defendants.
-----------------------------------------------------------------X
25 BROADWAY OFFICE PROPERTIES LLC

        Third-Party Plaintiff,

-against-

SHELTERING ARMS CHILDREN AND
FAMILY SERVICES, INC.,

        Third-Party Defendant.

**SUPPLEMENTAL SUMMONS AND AMENDED VERIFIED COMPLAINT**

**GORAYEB & ASSOCIATES, P.C.**
Attorneys for Plaintiff
CRISTIAN LAZO
100 William Street, Suite 1900
New York, New York 10038
(212) 267-9222
FILE NO. A10866 - LL

FILED: NEW YORK COUNTY CLERK 02/16/2021 08:36 PM
NYSCEF DOC. NO. 24
Case 1:24-cv-01867-JPC   Document 1-1   Filed 03/12/24   Page 18 of 18
INDEX NO. 152341/2020
RECEIVED NYSCEF: 02/16/2021

17 of 17